UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 10-20-HRW,

CHESTER NEFF
and
MARY NEFF,                                                    PLAINTIFFS,

v.          **MEMORANDUM OPINION AND ORDER**

PACIFIC LIFE
a/k/a PACIFIC LIFE INSURANCE COMPANY,              DEFENDANT.

This matter is before the Court upon Defendant Pacific Life's Motion to Dismiss [Docket No. 11]. Defendant seeks dismissal of Plaintiffs' claims for fraud, defamation and bad faith.

This case arises from the criminal misdeeds of Robert Rister. Rister was charged with various counts of fraud and theft in the United States District Court for the Eastern District of Kentucky. He ultimately plead guilty to fraud and was sentenced to sixty months imprisonment to be followed by three years of supervised release. *United States v. Robert Rister*, Ashland Case 09-CR-19.

At the time of the events giving rise to the criminal charges, Rister was an

agent of Defendant Pacific Life. He solicited funds from Plaintiffs under the guise of investing, holding and managing those funds as an agent of Pacific Life. However, Rister converted the funds to his own use. The criminal action referenced above was based upon this, as well several other, fraudulent schemes.

Plaintiffs claim that Rister's actions are imputed upon Defendant and that Pacific Life owes them $17,829.89. They claim that Pacific Life "knew or should have known" of its agent's schemes. Their Complaint further alleges fraud, defamation and bad faith on the part of Pacific Life.

Defendant seeks dismissal of Plaintiffs' claims for fraud, defamation and bad faith. Failure to state a claim upon which relief can be granted warrants dismissal under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss is to allow a Defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When ruling on motion to dismiss, the Court takes all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

Under Kentucky law, a claim for fraud requires proof, by clear and

convincing evidence, of the following six elements:

> (1) that the declarant made a material representation to the plaintiff, (2) that this representation was false, (3) that the declarant knew the representation was false or made it recklessly, (4) that the declarant induced the plaintiff to act upon the misrepresentation, (5) that the plaintiff relied upon the misrepresentation, and (6) that the misrepresentation caused injury to the plaintiff

*United Parcel Service Company v. Rickert*, 996 S.W.2d 464, 486 (Ky. 1999)(internal citations omitted). In addition, Rule 9(b) of the Federal Rules of Civil Procedure requires that fraud be plead with particularity.

In their Complaint, Plaintiffs simply assert that Defendant made "defamatory, malicious and fraudulent statements." [Docket No. 1, Complaint, ¶ 24]. There is no reference to any specific statement, material or otherwise, and no allegation of reliance upon such a statement or damage resulting therefrom. Their allegations of fraud, therefore, falls short of the requirements of FRCP 9(b). Nor does their Complaint even allege the basic elements of fraud. As such, dismissal of this claim is warranted.

Similarly, the Complaint fails to state a claim for bad faith. Plaintiffs allege that in failing to pay them proceeds from their annuity, Defendant has committed such acts as would warrant the award of punitive damages. It appears that Plaintiffs are attempting to state a claim for bad faith against Defendant. In order

to state a claim for bad faith, however, Plaintiffs must establish three elements:

> 1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.... [A]n insurer is ... entitled to challenge a claim and litigate it if the claim is debatable on the law or the facts.

*Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993).

The Complaint lacks any specific allegations in this regard. One is left to wonder what, if anything, Defendant misrepresented, delayed or obfuscated. Plaintiffs' only allegation regarding "bad faith" is that Defendant "could have easily reimbursed" them [Docket No. 1, Complaint ¶ 21]. Yet, Plaintiffs have not plead that Defendant was either obligated to pay out on their annuity after Rister committed fraud or that Defendant's refusal to do so was unreasonable. Although the standards for dismissal are less stringent that those for summary judgment, bald assertions, with no factual underpinnings, are not enough to withstand a motion for dismissal pursuant to Rule 12(b)(6).

As for defamation, Plaintiffs withdrew this claim in their response.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Pacific Life's Motion to Dismiss [Docket No. 11] be **SUSTAINED**.

This 20 day of September, 2010.

_____
Henry R. Wilhoit, Jr., Senior Judge